```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
TERRIE BENNERMAN,                          NOT FOR PRINT OR
                                           ELECTRONIC PUBLICATION

                 Plaintiff,
                                           MEMORANDUM & ORDER
          v.                               11-CV-6384


COMMISIONER OF SOCIAL SECURITY,


                 Defendant.
------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff *pro se* Terrie Bennerman appeals from former commissioner of social security Michael Astrue's ("commissioner" or "defendant") decision granting her 2009 application for Social Security Disability ("SSD") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act.  Plaintiff appeals, asserting jurisdiction under 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383(c)(3), because she seeks to reopen a December 2002 initial determination by the Social Security Administration (the "SSA") denying a previous application she had filed.  For the reasons provided below, the court grants defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and dismisses this case for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Plaintiff first applied for Social Security disability benefits under Title II of the Act on November 15, 2002, alleging a disability onset date of April 12, 2002. (Certified Administrative Record ("AR") at 5, 66, 100.) But plaintiff's claim was denied at the initial level on December 26, 2002. (*Id.*)[1] Plaintiff filed another application for SSI benefits on October 20, 2009, which was given a protective filing date of September 30, 2009. (*Id.* at 59-65, 99.) Plaintiff initially claimed she had been disabled since October 26, 2008. (*Id.* at 59.) After a SSA claims representative determined that plaintiff had insured status under Title II through March 31, 2007, the SSA representative changed plaintiff's alleged disability onset date to December 27, 2002, and deemed plaintiff's SSI claim to be a concurrent claim for disability insurance benefits. (*Id.*)

Plaintiff's claims were denied at the initial level on February 17, 2010. (*Id.* at 18-25, 26, 68.) Plaintiff then

---

[1] The Appeals Council states that plaintiff's initial denial was on December 24, 2002, (AR at 5), although other information in the record states the date of plaintiff's initial denial was December 26, 2002, (AR at 100). The court assumes for the purposes of this opinion that the date of denial was December 26, 2002, but notes that it would make no difference to the court's analysis or opinion if the correct date of plaintiff's initial denial was in fact December 24, 2002.

2

requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ Robert E. Ward scheduled a hearing to determine if plaintiff was disabled under section 1614(a)(3) of the Act. (*Id.* at 18-25, 26, 37, 68.) At a June 16, 2010 hearing, plaintiff stated that she was changing the onset date of her disability to October 26, 2008. (*Id.* at 244-45.) Plaintiff also stated that her disability was "probably moderate, not severe" around 2002, that she had thought that she "would be able to return to work" at that time, and that she had done seasonal tax work for H&R Block in 2003. (*Id.* at 245, 249.) After hearing testimony and receiving evidence, ALJ Ward stated that he would find plaintiff disabled as of October 28, 2008. (*Id.* at 256.)

Plaintiff appeared before ALJ Ward for a second hearing on September 14, 2010, to address Title II disability prior to March 31, 2007 and Title XVI benefits as of September 30, 2009. (*Id.* at 229.) After reviewing records, including medical records, and receiving additional evidence and testimony, ALJ Ward found that plaintiff had been disabled since 2002. (*Id.* at 235.) ALJ Ward informed plaintiff that she would not be able to receive Title XVI benefits prior to 2009 but that she would be able to receive "several years of back payment" under Title II. (*Id.* at 236.) ALJ Ward issued a written decision on September 22, 2010, in which he found that plaintiff

3

had been disabled under sections 216(i) and 223(d) of the Act since December 27, 2002, based on her application for disability and disability insurance benefits protectively filed on September 30, 2009, and that plaintiff had been disabled since December 27, 2002, under section 1614(a)(3)(A) of the Act based on her application for SSI protectively filed on September 30, 2009. (*Id.* at 10-17.)

On October 12, 2010, plaintiff appealed ALJ Ward's decision to the Appeals Council, claiming she was only receiving benefits extending back to October 2008 and asking for her 2002 case to be reopened. (*Id.* at 8-9.) On November 14, 2011, the Appeals Council denied plaintiff's request to reopen her 2002 case. (*Id.* at 4-7.) This appeal followed.

## DISCUSSION

### I. Standard of Review

The standard of review in a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) is identical to that for a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998). "A well-pled complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723

4

F.3d 192, 197 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). Additionally, in a motion to dismiss for lack of subject matter jurisdiction, "the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).[2]

## II. Subject Matter Jurisdiction

Defendant argues that this court lacks subject matter jurisdiction over this case because (a) ALJ Ward granted plaintiff a fully favorable decision on her 2009 claims, and

---

[2] "[I]n adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007); *see also Burfeindt v. Postupack*, 509 F. App'x 65, 67 (2d Cir. 2013) (summary order) ("[I]n dismissing a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), a court 'may refer to evidence outside the pleadings.'") (quoting *Makarova*, 201 F.3d at 113).

this court lacks jurisdiction over appeals of fully favorable decisions, and (b) the denial of a request to reopen a case is not subject to judicial review. These arguments will be discussed below.

### a. Fully Favorable Decision

Congress prescribes the procedures, conditions, and courts in which a claimant may seek judicial review of an administrative order. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Section 405(g) of the Act further provides the exclusive means for obtaining judicial review of a final decision by the commissioner. 42 U.S.C. § 405(g), (h). Congress has authorized limited judicial review for claims arising under Titles II and XVI of the Act. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (stating that "[t]he final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review as provided in [42 U.S.C. § 405(g)] to the same extent as the Commissioner's final decision under [42 U.S.C. § 405(g)]").

The Second Circuit has consistently held that, absent certain limited exceptions related to constitutional equal protection and due process claims, the waiver of sovereign immunity in 42 U.S.C. § 405(g) "makes no provision for judicial review of a determination *favorable* to the complainant," thereby generally precluding review of favorable decisions. *Jones v.*

6

*Califano*, 576 F.2d 12, 18 (2d Cir. 1978) (emphasis in original); *see also Heller v. Comm'r*, 328 F. App'x 74, 75 (2d Cir. 2009) (summary order) (same); *Louis v. Comm'r*, 349 F. App'x 576, 577 (2d Cir. 2009) (summary order) (affirming district court ruling that it lacked subject matter jurisdiction to review a fully favorable decision); *Wheeler v. Heckler*, 719 F.2d 595, 600 (2d Cir. 1983) ("judicial review of favorable decisions is generally unavailable").

Here, the record shows that plaintiff received a fully favorable decision on September 22, 2010.  (AR at 10-17 (ALJ Ward's "Fully Favorable" decision).).  Plaintiff has made no allegation that she was deprived of due process or equal protection, (ECF No. 15, Plaintiff's Opposition ("Opp."), 7/5/12), and the record does not contain any indication that her case involves any other "colorable constitutional claim[s]." *Jones*, 576 F.2d at 18.  Thus, this court lacks subject matter jurisdiction to review the fully favorable decision awarded to plaintiff.

**b. Request to Reopen 2002 Case**

Although this court has already determined it lacks subject matter jurisdiction to review plaintiff's appeal because she received a fully favorable decision, the court will also consider defendant's argument that it lacks jurisdiction to review the commissioner's decision declining to reopen

7

plaintiff's 2002 case. (ECF No. 14, Memorandum of Law in Support of Motion, 6/18/12, at 9-10.)

Federal courts generally do not have subject matter jurisdiction to review the SSA's denial of a request to reopen a prior determination. *See Califano v. Sanders*, 430 U.S. 99, 107-110 (1977) ("Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims."); *Byam v. Barnhart*, 336 F.3d 172, 179-180 (2d Cir. 2003) ("As a general rule, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits . . . . The Commissioner's decision not to reopen a prior determination is not a final decision for the purposes of § 405(g), and thus is generally unreviewable even if there was a hearing in the case.").

"Nevertheless, federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." *Id.* at 180. A constructive reopening occurs when "the Commissioner 'reviews the entire record and renders a decision on the merits.'" *Id.* (quoting *Malave v. Sullivan*, 777 F. Supp. 247, 251 (S.D.N.Y. 1991)). In such a case, "'the earlier decisions will be deemed to have been reopened, and any

8

claim of administrative res judicata to have been waived' and thus, 'the claim is . . . subject to judicial review.'" *Id.* (quoting *Malave*, 777 F. Supp. at 251).

The SSA's regulations provide that a Title II determination or decision may be reopened (a) within twelve months of the date of the notice of initial determination for any reason; (b) within four years of the date of the notice of the initial determination for good cause; and (c) at any other time under certain narrowly defined circumstances not relevant in this action, such as if the initial determination was obtained by fraud. 20 C.F.R. § 404.988 (2013). Similarly, a Title XVI determination or decision may be reopened (a) within twelve months of the date of the notice of the initial determination for any reason; (b) within two years of the date of the notice of initial determination for good cause; and (c) at any time if the determination was obtained by fraud or similar fault. 20 C.F.R. § 416.1488 (2013). Consequently, absent certain limited exceptions not at issue in this case, the SSA's regulations preclude the commissioner from reopening a determination under Title II after four years and Title XVI after two years. *Compare Coup v. Heckler*, 834 F.2d 313, 317–18 (3d Cir. 1987) (constructive reopening for good cause found where new application was made within four years of initial determination), *with Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir.

9

1993) (no constructive reopening possible where plaintiff's claim "was filed more than four years after the determinations of his previous applications").

In this case, the initial determination denying plaintiff's 2002 claims was made on December 26, 2002, but plaintiff did not file another application until October 20, 2009, which was given a protective filing date of September 30, 2009, more than six years after the initial determination. (AR at 99-100.) The Appeals Council denied plaintiff's request to reopen the 2002 claim on November 14, 2011, (AR at 4-7), because the commissioner could not reopen plaintiff's claim under the applicable SSA regulations. 20 C.F.R. § 404.988(a) (2013), 20 C.F.R. § 416.1488 (2013). Therefore, because more than four years had elapsed between the 2002 determination and plaintiff's 2009 application, the court finds that the commissioner could not and did not constructively reopen plaintiff's 2002 claim.[3]

---

[3] Plaintiff cursorily asserts in her opposition that she received incorrect information from the SSA "in 2005 and/or 2008." (Opp. at 6.) A claim based on misinformation "must contain information that will enable [the SSA] to determine" if it did provide misinformation regarding eligibility for benefits. 20 C.F.R. § 404.633(f) (2013). But previous lack of knowledge about the rules concerning the receipt of benefits is not sufficient to establish an earlier filing date. §§ 20 C.F.R. 416.340, 416.345, 416.350 (2013); see Binder v. Barnhart, 307 F. Supp. 2d 471, 473 (E.D.N.Y. 2004). Plaintiff's allegations, which have no documentary or other factual support, fail to satisfy the requirements for a misinformation claim because they are based solely on plaintiff's statements. 20 C.F.R. § 404.633(d)(2) (2013); see Henry v. Comm'r, 456 F. App'x 13, 15-16 (2d Cir. 2011) (summary order) (plaintiff failed to present a properly supported misinformation claim because his allegations were made for the first time in a letter to the Appeals Council, offered no "preferred evidence" or "other evidence" as required by 20 C.F.R. § 404.633(d), and relied on general allegations conveyed by his lawyer); Grubart v. Shalala, 913 F. Supp. 243, 246-47

Finally, there is no indication in the record that ALJ Ward considered any evidence or facts in plaintiff's 2002 application, (AR at 10-17, 229-257), because he only found plaintiff disabled as of December 27, 2002, or a day *after* an initial determination had been made on plaintiff's application on December 26, 2002, (*id.* at 10-17, 100). Accordingly, because ALJ Ward considered and "discussed only the evidence arising after the rejection of plaintiff's previous claim . . . . this [c]ourt does not have jurisdiction to review the decision not to reopen plaintiff's previous" application. *Trice v. Astrue*, No. 6:02-CV-450, 2008 U.S. Dist. LEXIS 23129, at *16 (N.D.N.Y Mar. 24, 2008).

---

(S.D.N.Y. 1996) (adopting report & recommendation holding that claimant's testimony and contemporaneous notes about a phone call with the SSA failed to satisfy the requirements for a misinformation claim in part because "there was no objective evidence supporting [the claimant's] position.").

11

## CONCLUSION

For the reasons set forth above, defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is granted and this case is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this court does not have subject matter jurisdiction over this case. The clerk of court is respectfully ordered to mail a copy of this Memorandum & Order to plaintiff and to close this case.

**SO ORDERED.**

Dated: December 23, 2013
      Brooklyn, New York

                                                    _____/s/_____
                                                    KIYO A. MATSUMOTO
                                                    United States District Judge
                                                    Eastern District of New York